

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00015-CR

_____

CHARLES ANTHONY SMITH, Appellant

V.

STATE OF TEXAS, Appellee

On Appeal from the 3rd District Court
Anderson County, Texas
Trial Court No. 28768

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Charles Anthony Smith has appealed from the revocation of his community supervision and final adjudication of his guilt for the offense of possession of a controlled substance, less than one gram. The trial court sentenced him to two years' confinement in a state jail facility and assessed a $10,000.00 fine.[1]

Smith's attorney on appeal has filed a brief which states that he has reviewed the record. Counsel summarizes the evidence elicited during the course of the proceeding and briefly explains the procedural history, stating that he has found no meritorious issues to raise on appeal. Counsel has thus provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738, 743–44 (1967); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed to Smith on May 1, 2013, copies of the brief, his motion to withdraw in this case, and his letter informing Smith of his right to file a pro se response and offering to provide him with a copy of the record should he choose to do so.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire record and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

We affirm the judgment of the trial court.[2]

Bailey C. Moseley
Justice

Date Submitted:     July 9, 2013
Date Decided:       July 10, 2013

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.